18-2211
*Borzon v. Green, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand nineteen.

Present:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

BRUCE BORZON,

> *Plaintiff-Appellant*,

v.                                                                 18-2211

TRACY V. GREEN, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant:          ANDREW M. MOSKOWITZ, Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., Springfield, NJ.

For Defendant-Appellee:          EVA L. JEROME (Richard Dearing, Claude S. Platton, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Bruce Borzon ("Borzon") appeals from the June 29, 2018 decision and order of the United States District Court for the Southern District of New York (Caproni, *J.*) granting summary judgment to Defendants-Appellees Tracy Green and the New York City Health and Hospitals Corporation (collectively "Defendants") on his discrimination and retaliation claims brought under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*[1]

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To show a genuine dispute, the nonmoving party must provide admissible "evidence . . . from which a reasonable inference in . . . [its] favor may be drawn." *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

---

[1] The District Court also granted summary judgment to Defendants on Borzon's claims brought under 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* Borzon has not raised any arguments regarding those claims or mentioned them on appeal, and we therefore consider the claims to have been abandoned. *See, e.g.*, *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Borzon filed the present action after his termination from his former position as Senior Associate Director of Patient Financial Services at the Metropolitan Hospital Center ("MHC"), a New York City health care facility operated by Defendant, New York City Health and Hospitals Corporation. Two weeks after Borzon's hiring, Defendant Tracy Green was hired to serve as Borzon's superior, specifically in the role of Chief Financial Officer of the MHC. Borzon, who is Caucasian, claims that upon her arrival, Green embarked on a sustained campaign to remove him from his position on account of his race.

Borzon's discrimination claim is properly assessed under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Garcia*, 706 F.3d at 127. Pursuant to this framework, "the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination." *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008) (emphasis added). To establish a *prima facie* case of discriminatory discharge, the "plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010). If the plaintiff meets this initial burden, the employer must then articulate a legitimate, non-discriminatory reason for the adverse action—here the decision to terminate Borzon. *Id.* at 492. The burden then shifts back to the plaintiff to demonstrate that the defendant's proffered reasons are, in fact, pretextual and that the "real reason for plaintiff's termination was his race." *Id.* "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S 248, 253 (1981).

While Borzon has established a *prima facie* case of discrimination, Defendants have, in turn, advanced legitimate, nondiscriminatory reasons for his termination. In particular, Defendants point to Borzon's multiple negative performance evaluations, as well as their assessment of difficulties Borzon experienced in collecting revenue, effecting Medicaid enrollment, and interacting with some of his colleagues. Borzon, while offering some evidence that Defendants may have assessed him unfairly, has failed to come forward with sufficient admissible evidence that his termination was due to *discriminatory animus* as opposed to Defendants' asserted reasons. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ("[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.").

To support a finding of discriminatory animus on the part of Defendants, Borzon highlights the alleged mishandling of an Equal Employment Opportunity ("EEO") complaint he lodged, as well as two comments allegedly made by third parties regarding Green's antipathy toward him. First, while Defendants admit that the EEO investigation deviated from standard practice in some ways, they offered admissible evidence explaining that deviation: the investigator began transitioning out of her role (and Borzon had left the MHC) and she therefore did not have time to formally complete the inquiry, although following a brief investigation she had concluded that his complaint was without merit. Second, only one of the third-party comments that Borzon alleges to have been made about his employment status—his superior David Guzman's statement that Green was "out to get him"—is even arguably admissible, and this comment is devoid of references to Borzon's race. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (noting that a party cannot rely on inadmissible hearsay in opposing a motion for summary judgment absent a showing that admissible evidence will be available at trial).

4

Finally, Borzon points to his years of experience in hospital administrative positions, and argues that the MHC improved financially on a variety of metrics during his tenure, while any revenue collection issues were not attributable to him. Ultimately, we "do not sit as a super-personnel department that reexamines an entity's business decisions." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (internal quotation marks omitted). Borzon has offered some evidence countering Defendants' evaluation of his effectiveness as a hospital administrator, but at this stage he has produced insufficient evidence to support a finding of discriminatory animus on their parts. We therefore affirm the district court's grant of summary judgment to Defendants on Borzon's discrimination claims.

For similar reasons, we affirm the district court's dismissal of Borzon's retaliation claim. The *McDonnell Douglas* standard also applies to Borzon's retaliation claim brought under Title VII. *See Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015). Borzon argues that Defendants terminated him because of his EEO complaint, which was lodged *after* Borzon began receiving the negative performance evaluations. Yet again, Borzon has failed to rebut Defendants' asserted reasons for his termination with evidence of retaliatory animus on their parts, and the temporal proximity between his termination and his lodging of the complaint, without more, cannot sustain such a finding. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010). Therefore, the district court also did not err in dismissing Borzon's retaliation claim at the summary judgment stage.

We have considered Borzon's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5